CORRECTED

# In the United States Court of Federal Claims

No. 21-1396
(Filed: August 23, 2022)

```
******************************
JEREMY ACALA, et al.,            *
                                 *
              Plaintiffs,        *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
******************************
```

Law Enforcement Availability Pay Act of 1994; 5 U.S.C. § 5545a; Premium Pay; Availability Pay; Overtime Pay; Failure to State a Claim; RCFC 12(b)(6).

*Gregory K. McGillivary*, McGillivary Steele Elkin LLP, Washington DC, counsel for Plaintiffs.

*Matney E. Rolfe*, U.S. Department of Justice, Washington DC, counsel for Defendant.

## OPINION AND ORDER

**DIETZ, Judge.**

Plaintiffs, current and former federal criminal investigators, bring this suit against the United States seeking overtime pay under the Law Enforcement Availability Pay Act of 1994 (the "LEAP Act") for regularly scheduled overtime work that they performed on days outside of their basic workweek while training at Federal Law Enforcement Training Centers ("FLETC"). The government moves to dismiss their complaint pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") on the grounds that the governing statutes and regulations generally prohibit payment of overtime pay to LEAP-eligible employees during periods of training and, therefore, the law does not entitle Plaintiffs to the relief sought. The Court finds that Plaintiffs have failed to state a claim upon which relief can be granted because the LEAP Act does not entitle Plaintiffs to overtime pay for time spent in training. Accordingly, the government's motion to dismiss is **GRANTED**.

## I.    BACKGROUND

The two representative plaintiffs of this putative class, Ehab Rahman and Clay Wildt, are criminal investigators employed by the United States Department of Homeland Security who attended training at FLETC. Compl. ¶¶ 4-6, ECF No. 1. FLETC, the nation's largest provider of law enforcement training, serves as an interagency law enforcement training body and "provides training in areas common to all law enforcement officers, such as firearms, driving, tactics, investigations, and legal training." *Id.* ¶¶ 8-10. This training fulfills criminal investigative training requirements for criminal investigators. *Id.* ¶ 9.

As criminal investigators, Plaintiffs are eligible to receive premium pay under the LEAP Act. *See* 5 U.S.C. § 5545a. "Premium pay" is defined as "additional pay . . .  for overtime, night, Sunday, or holiday work; or for standby duty, administratively controllable overtime work, or availability duty." 5 C.F.R. § 550.103 (2022) (internal citation omitted). Congress enacted the LEAP Act to ensure that federal criminal investigators, who routinely work more than eight hours each day, are uniformly compensated irrespective of their unpredictable schedules. *See* S. Rep. No. 103-286, at 100 (1994). To achieve this purpose, the LEAP Act provides "premium pay to criminal investigators to ensure the availability of criminal investigators for unscheduled duty in excess of a 40 hour work week based on the needs of the employing agency." 5 U.S.C. § 5545a(b). The LEAP Act entitles criminal investigators to a form of premium pay referred to as availability pay. *See id.* at § 5545a(h).

Availability pay under the LEAP Act consists of a twenty-five percent salary enhancement in addition to a criminal investigator's base salary. 5 U.S.C. § 5545a(h). This salary enhancement is intended to compensate criminal investigators for *unscheduled* overtime work that an investigator performs, or is available to perform, "that [is] not part of the 40 hours in the basic work week of the investigator or overtime hours paid under [5 U.S.C. § 5542.]" *Id.* at § 5545a(a)(3). The LEAP Act instructs that "[a]vailability pay provided to a criminal investigator for such unscheduled duty shall be paid instead of premium pay provided by other provisions of this subchapter, except premium pay for *regularly scheduled* overtime work as provided under [5 U.S.C. § 5542], night duty, Sunday duty, or holiday duty." *Id*. at § 5545a(c) (emphasis added). Premium pay for *regularly scheduled* overtime work by criminal investigators is compensated with another form of premium pay, overtime pay, pursuant to 5 U.S.C. § 5542. *See id.*

Overtime pay under section 5542 is paid at "an amount equal to one and one-half times the hourly rate of basic pay." 5 U.S.C. § 5542(a)(1). With respect to criminal investigators receiving availability pay under the LEAP Act, section 5542 provides that the investigator shall be compensated with overtime pay for "overtime work which is scheduled in advance of the administrative workweek in excess of 10 hours on a day during such investigator's basic 40 hour workweek or on a day outside such investigator's basic 40 hour workweek[.]" *Id*. at § 5542(d)(1)(A)-(B) (internal citations omitted). All other overtime—scheduled or unscheduled— is compensated by the availability pay. *Id.* at § 5542(d)(2); *Horvath v. United States*, 896 F.3d 1317, 1319 (Fed. Cir. 2018).

Congress authorized the Office of Personnel Management ("OPM") to promulgate rules and regulations for the administration of premium pay. 5 U.S.C. §§ 4118, 5545, 5545a(i); *see also* 5 U.S.C. § 1103(c). Congress also provided the head of an agency with discretion to pay all or a part of the compensation of an employee during an authorized training period. 5 U.S.C. § 4109; *see also Almeda v. United States*, 453 F.2d 1397, 1399-400 (Ct. Cl. 1972). However, an agency is not permitted to compensate an employee with overtime pay during training. 5 U.S.C. § 4109(a)(1) (stating the head of the agency may "pay all or a part of the pay (*except overtime*, holiday, or night differential pay) of an employee of the agency . . . for the period of training" (emphasis added)).

When attending training at FLETC, Plaintiffs allege that they were regularly scheduled, in advance of their workweek, to work six days a week. Compl. ¶ 10. For the first five days,

Plaintiffs worked eight hours plus two hours of availability work. *Id.* On the sixth day, Plaintiffs worked another eight to ten hours. *Id.* The sixth day was not included in the criminal investigator's basic forty-hour workweek. *Id.* Plaintiffs were told that they were not entitled to regularly scheduled overtime compensation on the additional workday because that worktime was compensated by availability pay under the LEAP Act. *Id.* ¶ 17.

Plaintiffs filed their complaint in this Court alleging that the government violated the LEAP Act by unlawfully depriving them of overtime pay, in addition to availability pay, for their regularly scheduled overtime work performed on an additional workday outside of their basic forty-hour workweek while at FLETC. Compl. ¶¶ 18, 33. The government filed a motion to dismiss Plaintiffs' complaint pursuant to RCFC 12(b)(6) on the grounds that the governing statutes and regulations generally prohibit payment of overtime compensation to LEAP-eligible employees during periods of training and, therefore, the law does not entitle Plaintiffs to overtime pay. Def.'s Mot. to Dismiss at 4, ECF No. 9 [hereinafter Def.'s Mot.]. The Court conducted oral argument on May 6, 2022. *See* ECF No. 12.

## II.    LEGAL STANDARDS

A challenge to this Court's ability to "exercise its general power with regard to the facts peculiar to the specific claim" is properly raised by a Rule 12(b)(6) motion. *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(6). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court construes the complaint's allegations in favor of the plaintiff. RCFC 12(b)(6); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982). If the facts asserted by the plaintiffs do not entitle them to a legal remedy, then the complaint should be dismissed under Rule 12(b)(6). *Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019).

This Court construes statutes and regulations the same way, by beginning with the plain language. *See Tesoro Haw. Corp. v. United States*, 405 F.3d 1339, 1346-47 (Fed. Cir. 2005) (citing *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 401, 414-15 (1945)); *see Whelan v. United States*, 529 F.2d 1000, 1002-03 (Ct. Cl. 1976) ("The 'plain meaning' rules of statutory construction apply to the interpretation of administrative regulations."). If the statutory or regulatory language is clear and unambiguous, then the Court does not need to conduct any further inquiry. *Roberto v. Dep't of Navy*, 440 F.3d 1341, 1350 (Fed. Cir. 2006). The Court must "give effect, if possible, to every clause and word of a statute [or regulation] and should avoid rendering any statutory [or regulatory] text meaningless or as mere surplusage." *Sharp v. United States*, 580 F.3d 1234, 1238 (Fed. Cir. 2009) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)) (internal quotation marks omitted).

## III.   DISCUSSION

The question in this case is whether criminal investigators who receive availability pay under the LEAP Act are entitled to overtime pay for regularly scheduled duty performed during training on days outside of their basic workweek. The government argues that criminal investigators who receive availability pay are not entitled to overtime pay for regularly scheduled

duty performed during training because the governing statutes and regulations generally prohibit payment of overtime pay for time spent in training. *See* Def.'s Mot. at 5-6. Plaintiffs argue that, in addition to availability pay for *unscheduled* duty, the LEAP Act requires that criminal investigators be compensated with overtime pay for *regularly scheduled* duty performed outside of their basic forty-hour workweek and that the general prohibition on payment of overtime pay for time spent in training has no bearing on this requirement. *See* Pls.' Resp. 6-12, ECF No. 10. As explained below, the Court finds that, while the LEAP Act entitles Plaintiffs to overtime pay for regularly scheduled duty performed outside of a criminal investigator's basic forty-hour workweek, it does not entitle Plaintiffs to overtime pay for regularly scheduled duty performed during periods of training because the payment of overtime pay during training is prohibited by statute and regulation.

Section 5545a(c) of the LEAP Act provides that criminal investigators are entitled to "premium pay for regularly scheduled overtime work as provided under section 5542[.]" Section 5542(d)(1)(B) provides that a criminal investigator who is paid availability pay under section 5545a shall be paid one and one-half times their hourly rate for overtime work that is scheduled in advance and performed on a day outside of such investigator's basic forty-hour workweek. Thus, if the overtime work at issue in this case did not consist of training, Plaintiffs would be entitled under the LEAP Act to overtime pay for such regularly scheduled overtime work. However, because the regularly scheduled overtime work at issue involves training, payment of overtime pay is prohibited.

An agency is prohibited by statute from using its funds to pay overtime to an employee for time spent in training.[1] 5 U.S.C. § 4109(a)(1) (stating the head of the agency may "pay all or a part of the pay (*except overtime*, holiday, or night differential pay) of an employee of the agency . . . for the period of training" (emphasis added)). Congress authorized OPM to promulgate regulations governing premium pay and training. *See* 5 U.S.C. §§ 4109, 4118, 5545, 5545a(i); *see also* 5 U.S.C. § 1103(c). In this regard, OPM has established a general rule that prohibits an agency from paying *any* premium pay to an employee for time spent in training unless an exception applies.[2] *See* 5 C.F.R. § 410.402 (2022); *id.* § 550.111(i) (2022); *see also Moreno v. United States*, 88 Fed. Cl. 266, 270 (2009) ("Thus, under Title 5 regulations, premium pay for training is not available unless a regulatory exception applies[.]").

Section 410.402(b) provides a list of exceptions to the general rule prohibiting an agency from "us[ing] its funds, appropriated or available, to pay premium pay to an employee engaged in training[.]" 5 C.F.R. § 410.402(a)-(b). Relevant here, section 410.402(b)(4) contains an exception providing that "[a]n agency shall continue to pay availability pay during agency-sanctioned training to a criminal investigator who is eligible for it under 5 U.S.C. [§] 5545a and implementing regulations." OPM's regulation aligns with the LEAP Act, which similarly states that "[a] criminal investigator who is eligible for availability pay shall receive such pay during

---

[1] The statute carves out two exceptions for air traffic controllers and firefighters. *See* 5 U.S.C. § 4109(c)-(d).

[2] The Comptroller General has long recognized the general prohibition against the payment of premium pay for training as contained in 5 U.S.C. § 4109. *See In the Customs Patrol Officers - Entitlement to Overtime & Night Premium Pay During Training*, 58 Comp. Gen. 547, 549 (1979); *To the Exec. Vice President, Nat'l Ass'n of Gov't Emps.*, 48 Comp. Gen. 620, 620 (1969).

any period such investigator is attending agency sanctioned training." 5 U.S.C. § 5545a(f)(1)(A).

This exception that entitles criminal investigators to availability pay for time spent in training does not also entitle them to overtime pay. Plaintiffs' assertion that the term "availability pay" as used in section 410.402(b)(4) encompasses *both* the twenty-five percent salary enhancement for unscheduled overtime under section 5545a(h) and overtime pay for scheduled overtime under section 5542 mischaracterizes the term "availability pay" under the LEAP Act. *See, e.g.*, Pls.' Resp. at 7 ("[T]he [g]overnment has applied only *one* of the pay types required for compliance with the availability pay scheme set forth in the Act, glossing over the second, mandatory category of pay encompassed with the LEAP Act." (emphasis in original)); *id.* at 8 (stating "when the [g]overment pays 'availability pay' . . . it must pay the 25% pay enhancement for unscheduled hours *and* time-and-a-half overtime consistent with 5 U.S.C. [§] 5542(a)" (emphasis in original)). Availability pay and overtime pay are distinct types of premium pay. *Availability pay* is a twenty-five percent salary enhancement for unscheduled duty as provided under section 5545a, and *overtime pay* is an amount equal to one and one-half times the hourly rate for regularly scheduled duty as provided by section 5542. 5 U.S.C. §§ 5545a(c), (h), 5542(a)(1). The LEAP Act makes clear that the two types of premium pay are treated separately. Section 5545a(c) of the LEAP Act provides premium pay for unscheduled duty in the form of availability pay. This availability pay is provided "*instead of* premium pay provided by other provisions . . . except premium pay for regularly scheduled overtime work as provided under section 5542[.]" 5 U.S.C. § 5545a(c) (emphasis added). Section 5542 provides premium pay for regularly scheduled duty in the form of overtime pay. Section 410.402(b)(4) contains an exception only for availability pay, not overtime pay. As such, Plaintiffs are not entitled to overtime pay for their time spent in training.

Plaintiffs attempt to broaden this exception by arguing that criminal investigators who are excepted under section 410.402(b)(4) are entitled to overtime pay under 5 C.F.R. § 410.402(c), which provides that "[a]n employee who is excepted under paragraph (b) of this section is eligible to receive premium pay in accordance with the applicable pay authorities." *See* Pls.' Resp. at 9-10. Plaintiffs appear to argue that any employee who is excepted under paragraph (b) is entitled to all types of premium pay in accordance with the applicable pay authorities. Under Plaintiffs' reading, even if availability pay and overtime pay are separate types of premium pay, Plaintiffs are entitled to both because they qualify as employees "excepted under paragraph (b)" and overtime pay qualifies as "premium pay" as used in section 410.402(c).

Despite Plaintiffs' contention, section 410.402(c) does not entitle Plaintiffs to overtime pay. Section 410.402(c) merely ensures that criminal investigators who are entitled to receive availability pay during training under the exception set forth in section 410.402(b)(4) receive such availability pay in accordance with the relevant pay authority—the LEAP Act. Section 410.402(b) contains exceptions to the general prohibition on using agency funds to pay premium pay to an employee engaged in training. Section 410.402(b) entitles certain types of employees to specific types of premium pay. Section 410.402(c) uses the umbrella term "premium pay" to capture each type of premium pay payable to specific types of employees to whom an exception applies under paragraph (b). Section 410.402(c) does not entitle each type of employee excepted under paragraph (b) to all types of premium pay, only to those types listed in paragraph (b). Although overtime pay and availability pay are both types of premium pay, section

410.402(b)(4) makes it clear that the relevant type of premium pay in section 410.402(b)(4) is availability pay. To read the regulation otherwise would render meaningless the language specifying the type of premium pay to which each type of employee is entitled for time spent in training as set forth in section 410.402(b). *See Sharp*, 580 F.3d at 1238. In sum, neither section 410.402(c) nor the LEAP Act circumvents the general statutory and regulatory prohibitions on paying overtime pay during periods of training.[3]

## IV.   CONCLUSION

For the reasons explained above, Defendant's motion to dismiss, pursuant to RCFC 12(b)(6), is **GRANTED**. Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[3] Plaintiffs also rely upon the Fair Labor Standards Act ("FLSA") to advance their argument that they should be paid overtime pay for their time spent in training. *See* Pls.' Resp. at 3, 7, 10-12. However, criminal investigators who receive availability pay under the LEAP Act are exempt from the FLSA. *See* 29 U.S.C. § 213(a)(16), (b)(30); 5 C.F.R. § 551.213(a) (2007); *id.* § 550.186(c) (2022). Thus, the overtime provisions of the FLSA do not apply to Plaintiffs.